UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:13-CT-3201-BO

| | |
|---|---|
| STANLEY EARL CORBETT, JR., <br> Plaintiff, <br><br> v. <br><br> G.J. BRANKER, et al., <br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

PROTECTIVE ORDER

This Protective Order is entered into -between Plaintiff and non-party WakeMed to identify by name and date of service inmates from Unit One at Central Prison who were treated at WakeMed Emergency from January 1, 2011-present while protecting, to the greatest extent possible, the confidentiality of the inmate patient health information requested by Plaintiffs' counsel from non-party WakeMed.

The protected health information (or "PHI") of inmates, like that of other patients, is protected by the Health Insurance Portability and Accountability Act of 1996 (HIPAA). HIPAA allows under certain circumstances for the production of PHI without the patient's authorization of the release of the information. *See* 45 C.F.R. § 164.512.

Pursuant to HIPAA, PHI may be disclosed without the patient's written authorization under the conditions set forth in 45 C.F.R. § 164.512, "Uses and disclosures for which an authorization or opportunity to object is not required". As relevant to this case, this section provides:

> A covered entity may use or disclose protected health information without the written authorization of the individual, as described in § 164.508, or the opportunity for

the individual to agree or object as described in § 164.510, in the situations covered by this section, subject to the applicable requirements of this section. . . .

**(e) Standard: Disclosures for judicial and administrative proceedings.**

(1) Permitted disclosures. A covered entity may disclose protected health information in the course of any judicial or administrative proceeding;

    (i) In response to an order of a court or administrative tribunal, provided that the covered entity discloses only the protected health information expressly authorized by such order; or

    (ii) In response to a subpoena, discovery request, or other lawful process, that is not accompanied by an order of a court or administrative tribunal, if:

    . . . .

    (B) The covered entity receives satisfactory assurance, as described in paragraph (e)(1)(iv) of this section, from the party seeking the information that reasonable efforts have been made by such party to secure a qualified protective order that meets the requirements of paragraph (e)(1)(v) of this section.

45 CFR 164.512(e)(1). The above –referenced "requirements of paragraph (e)(1)(v)" provide:

    (v) For purposes of paragraph (e)(1) of this section, a qualified protective order means, with respect to protected health information requested under paragraph (e)(1)(ii) of this section, an order of a court or of an administrative tribunal or a stipulation by the parties to the litigation or administrative proceeding that:

    (A) Prohibits the parties from using or disclosing the protected health information for any purpose other than the litigation or proceeding for which such information was requested, and

(B) Requires the return to the covered entity or destruction of the protected health information (including all copies made) at the end of the litigation or proceeding.

45 CFR 164.512(e)(v).

In light of the above requirements, Plaintiffs now seek a protective order that will allow WakeMed to disclose certain PHI Plaintiffs contend is relevant to this case, without first obtaining the authorization of the patients or affording them a prior opportunity to object. Counsel for Plaintiffs has consulted with counsel for WakeMed and WakeMed does not object to entry of this proposed Order subject to the conditions set forth below. Counsel for Plaintiffs has also consulted with counsel for Defendants and counsel for the North Carolina Department of Public Safety, Division of Adult Correction, who likewise do not object to entry of this proposed Order subject to the conditions set forth below.

**THEREFORE, IT IS ORDERED:**

(A) WakeMed shall produce the following information concerning inmates in the custody of the Department of Public Safety ("DPS")/Division of Adult Correction ("DAC") from Central Prison in Raleigh North Carolina who presented to the WakeMed Emergency Department **for the period of January 1, 2011 through the date of this Order:** name, date of presentation, medical record number, applicable payer information, charges and amount paid for services.

(B) All parties to this case are prohibited from using or disclosing the above-described PHI for any purpose other than the litigation or proceeding for which such information was requested.

(C) Plaintiffs shall return to the covered entity or destroy the above-described PHI (including all copies made) at the end of the litigation or proceeding.

(D) Use and disclosure of any PHI disclosed pursuant to this Order shall be governed by the requirements, restrictions, and terms of the Protective Order applicable to the production and use of documents in this case. [*See* DE-64, Case 5:10-CT-3135-BO]

(E) Counsel for Plaintiff shall provide to counsel for Defendants copies of any and all documents and/or PHI disclosed to them by WakeMed pursuant to the terms of this Protective Order.

This the 7 day of May, 2014.

Robert B. Jones, Jr.
United States Magistrate Judge